Max A. Yunich, Plaintiff, *v.* Albany Exchange Savings Bank, Defendant.

Supreme Court, Special Term, Albany County, June 14, 1946.

*Ernest B. Rieck* for defendant.

*Arthur J. Harvey* for plaintiff.

RUSSELL, J. Upon the return of a notice of motion the defendant applies to this court for summary judgment in favor of the defendant against the plaintiff dismissing the complaint herein, pursuant to rule 113 of the Rules of Civil Practice, and for such other and further relief as to the court may seem just.

The owner of lot No. 8 as appears on a map attached to the brief of the defendant, was attempting to use a four-foot strip of land in order to lean a ladder against his building for the purpose of making repairs, when the owner of the adjoining lot No. 7 excluded him from the said four-foot strip of land, which the plaintiff alleges was a part of the lot conveyed to him by the defendant.

The action is one for breach of warranty.

The plaintiff received a warranty deed from the defendant and now claims damages in the amount of $600, upon the theory that he, the grantee, has a right to retain that portion of the land to which the title is good and to hold the grantor on his warranty to the part to which the title has failed.

It appears on or about July 28, 1944, the defendant conveyed to the plaintiff premises known as street No. 252 Ontario Street, Albany, New York (being lot No. 8), by a warranty deed. This deed contained the following provision, " excepting a certain right of way consisting of four (4) feet in width on the southerly line of the said lot which was conveyed by John J. Banagan to Lillie F. Conrad about August 30, 1904."

On the 31st day of March, 1899, John J. Banagan and Mary A. Banagan, his wife, of the city of Albany, conveyed to Lillie F. Conrad lot No. 7 as appears on the map annexed to the papers herein by a warranty deed.

On the 30th day of August, 1904, John J. Banagan and Mary A. Banagan, his wife, executed another deed to Lillie F. Conrad in which deed it is stated that by mutual mistake the said four-foot strip of land is incorrectly bounded and, therefore, by the

deed dated the 30th day of August, 1904, Banagan and wife conveyed to Lillie F. Conrad the four-foot strip of land now in question by description " for a driveway only ".

The defendant contends that the words " for a driveway only " is an easement.

The plaintiff contends that the fee of the four-foot strip of land by the wording in the deed from Banagan and wife to Conrad, was conveyed and that the bank conveyed to him in fee only eighteen feet of land, instead of a lot twenty-two feet in width, subject to an easement.

It is settled law that " The deed must be held to convey all the interest in the lands which the grantor had unless the intent to pass a less estate or interest appears by express terms or be necessarily implied in the terms of the grant." (*Blackman* v. *Striker*, 142 N. Y. 555, 561.)

It is also held in the same authority " ' A reservation is never of any part of the estate itself, but of something issuing out of it, as, for instance, rent, or some right to be exercised in relation to the estate   *   *   *.  An exception, on the other hand, must be of a part of the thing granted or described as granted, and can be of nothing else.' "

In view of the contention of the defendant as to boundaries as run by the surveyor, and the contentions of each party to this motion as to the interpretation that should be put on the words in the deeds, I feel that the questions of laws are so delicate as not to warrant a summary judgment. (*Goldstein* v. *Korff*, 203 N. Y. S. 119, 120; *Gravenhorst* v. *Zimmerman*, 236 N. Y. 22, 39.)

I am of the opinion that evidence of the intention of the parties to the instruments should be produced to enlighten the court as to the exact situation in this action, so that a just interpretation of the clauses in question can be made.

Motion denied.

Submit order.